UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THOMAS L. MEROS, | CASE NO. 1:07 CV 436 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| | MEMORANDUM OF OPINION |
| HON. TERRENCE O'DONNELL, et al., | AND ORDER |
| Defendants. | |

On February 16, 2007, plaintiff pro se Thomas L. Meros filed this action under 42 U.S.C. § 1983, the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and the Ohio Corrupt Practices Act, against the following defendants, who are justices of the Ohio Supreme Court: Hon. Terrence O'Donnell, Hon. Paul E. Pfeifer, Hon. Judith Ann Lanzinger, Hon. Maureen O'Connor, Hon. Robert R. Cupp (successor to Hon. Alice Robie Resnick), Hon Evelyn Lundberg Stratton, and Hon. Thomas J. Moyer.  The complaint seeks plaintiff's reinstatement to the practice of law in the Ohio courts.  For the reasons stated below, this action is dismissed.

In a September 23, 1998 order of the Ohio Supreme Court, Meros was suspended from the practice of law for 18 months in

connection with the filing of a lawsuit on his own behalf against a former client and an attorney who confessed judgment on cognovit notes signed by Meros in favor of the client, and because he failed to file a motion to proceed pro hac vice in another case, resulting in the dismissal of his client's lawsuit.  Office of Disciplinary Counsel v. Meros, 83 Ohio St.3d 222 (1998).

On July 12, 2000, Meros was permanently disbarred from the practice of law on the basis that he:  1) accepted employment in three cases where his professional judgment on behalf of his client would be affected by his own financial and personal interest;  2) engaged in conduct prejudicial to the administration of justice; and, 3) neglected legal matters which six different clients had entrusted to him.  Cuyahoga County Bar Association v. Meros, 89 Ohio St.3d 304 (2000).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  Given the most liberal construction, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.  Plaintiff's claims are inextricably intertwined with the disbarment order of the Ohio Supreme Court, and are therefore barred by the Rooker-Feldman doctrine.  Thomas v. Knight, 257 F.Supp.2d 86, 93-94 (D.C. 2003).

This action is therefore appropriately subject to summary dismissal.  Apple v. Glenn , 183 F.3d 477 (6th Cir. 1999);  see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous

2

Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims); see also, Leisure v. Hogan, No. 00-4570, 2001 WL 1298984(Aug. 8, 2001)(RICO complaint containing neither direct nor inferential allegations respecting all material elements to sustain recovery permitted district court to dismiss action for lack of subject matter jurisdiction).

        Accordingly, this action is dismissed.

        IT IS SO ORDERED.

                                       */s/Dan Aaron Polster 3/5/07*
                                       DAN AARON POLSTER
                                       UNITED STATES DISTRICT JUDGE